IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AZAEL DYTHIAN PERALES,                )
                                      )
            Plaintiff,                )
                                      )
      v.                              ) Civ. No. 11-1219-SLR
                                      )
STATE OF CALIFORNIA, et al.,          )
                                      )
            Defendants.               )

## MEMORANDUM ORDER

At Wilmington this  9th  day of April, 2012;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28

U.S.C. § 1915, for the reasons that follow:

1. **Background**. Plaintiff Azael Dythian Perales ("plaintiff") filed this action on

December 12, 2011, and attempts to raise claims for violations of the Patriot Act and

Title VII of the Civil Rights Act of 1964. He appears pro se and has been granted leave

to proceed in forma pauperis.

2. **Standard of Review**. This court must dismiss, at the earliest practicable time,

certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or

seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

1915(e)(2). The court must accept all factual allegations in a complaint as true and take

them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515

F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because

plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by

2

mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff is a frequent filer. According to the PACER Case Locator national index, beginning May 8, 2009, plaintiff has filed seventy-one lawsuits in district courts throughout the United States. He recently discovered the District of Delaware. The instant complaint alleges violations of the Patriot Act and Title VII of the Civil Rights Act of 1984, names over eighty defendants, and lists numerous federal criminal and civil statutes.

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

7. **Patriot Act.** The complaint states that plaintiff prevailed in a case before the Supreme Court of the State of Utah that was "ready for application of the law in front of the executive branch of the U.S. Department of Justice, the U.S. Marshals Service, and all named defendants." While not clear, it seems that plaintiff contends he prevailed in other litigation filed in Utah courts as he alleges that defendants did "absolutely nothing to apply the law" in the Utah cases. According to plaintiff, the foregoing resulted in violations of the Patriot Act.

8. Plaintiff's allegations are wholly conclusory, fail to identify how the Patriot Act was allegedly violated, or explain how he may bring a private right of action to enforce the Patriot Act. Furthermore, courts that have considered the question have concluded that the Patriot Act does not provide for a private right of action for its enforcement. *See Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) (not published); *Hanninen v. Fedoravitch*, 583 F. Supp. 2d 322, 326 (D. Conn. 2008); *Medical Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1330 (D. Kan. 2006).

9. **Civil rights claim.** Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 on the basis that defendants have denied him access to the federal courts. The claim arises under 42 U.S.C. § 1983, not Title VII. Nonetheless, the claim fails.

10. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). In

4

addition, the Eleventh Amendment of the United States Constitution protects an
unconsenting state or state agency from a suit brought in federal court by one of its own
citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v.
Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Moreover,
"'a[n individual government] defendant in a civil rights action must have personal
involvement in the alleged wrongdoing; liability cannot be predicated solely on the
operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)
(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

11. Plaintiff's filing of seventy-one civil actions during the past three years belies
his allegations that he has been denied access to the courts. Notably, many of the
named defendants are not state actors, many defendants are not persons within the
meaning of § 1983, many of the defendants have Eleventh Amendment immunity, and
there are no allegations of personal involvement on behalf of any of the individual
defendants. The conclusory and scant allegations fall short of the pleading
requirements of *Iqbal* and *Twombly*.

12. In viewing the complaint, the court concludes that the allegations are
fantastical, delusional, irrational, and frivolous. Based upon the allegations and the
absence of any viable claim that could be alleged in an amended complaint, the
complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

13. **Conclusion**. For the above reasons, the complaint is dismissed as frivolous
pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile.

5

*See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

UNITED STATES DISTRICT JUDGE